UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID G., an adult with a disability,

    Plaintiff

v.

THE COUNCIL ROCK SCHOOL
DISTRICT,

    Defendant

CIVIL ACTION

No. 06-1523

FILED

SEP 24 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

United States Magistrate Judge M. Faith Angell has filed a Report and Recommendation ("R&R") on cross-motions for judgment on the administrative record in this case seeking review of a decision by the Special Education Appeals Review Panel following a due process hearing before a hearing officer. This court has considered the record of the proceedings before the hearing officer, the decisions of the hearing officer and the Appeals Panel, the R&R, plaintiff David G.'s objections to the R&R, and defendant Council Rock School District's responses. The court approves and adopts Magistrate Judge Angell's recommendations to: grant in part and deny in part plaintiff's motion; grant in part and deny in part defendant's motion; affirm the Appeals Panel's decision that defendant provided a free and appropriate public education ("FAPE") for

-1-

7th, 8th, 11th, and 12th grades; affirm the decision that FAPE was not provided for part of 9th and 10th grades; and remand for further proceedings with regard to whether FAPE was provided in the 2nd through 6th grade years.

The facts and lengthy procedural history of this case are set out in Magistrate Judge Angell's R&R as well as in the decision of the hearing officer. This court refers to those discussions and focuses on plaintiff David G.'s objections to the R&R. David urges rejection of the Magistrate Judge's recommendations that the court find that plaintiff he graduated in June 2004; that he was provided with appropriate transitional services; and that he was provided with FAPE from 7th to 12th grade, with the exception of 9th and 10th grades. Plaintiff also argues that the hearing officer's grant of compensatory education was "overly and unnecessarily restrictive in its use and in its temporal limitation and therefore does not provide appropriate relief." Plaintiff asks for, instead, monetary damages or the establishment of a fund on his behalf. Finally, though plaintiff asks the court to adopt the Judge Angell's recommendation that the question of FAPE for 2nd through 6th grade be addressed (rather than considered waived, as the hearing examiner found), he asks the court to enter judgment rather than remand the question to the hearing examiner. Plaintiff argues that the record clearly establishes the lack of FAPE and so remand on this issue is unnecessary.

The defendant school district argues that plaintiff's objections are without merit; defendant does not have any objections of its own other than to refer to the arguments it

made before the hearing examiner and the Magistrate Judge.[1]

The court adopts Judge Angell's recommendation that the hearing officer erred in finding that plaintiff was barred from claiming a denial FAPE between the 2nd and 6th grades. The court also adopts Judge Angell's recommendation that this issue be remanded to the hearing officer and rejects plaintiff's suggestion that the court decide the issue. The hearing examiner heard the testimony of the witnesses on this issue and is in a better position than this court to evaluate that testimony, as well as the documentary evidence she already received on this issue, in the first instance. Morever, because the hearing officer wisely heard from the parties on all the years of plaintiff's schooling so as not to have to reopen the record later (though the court concludes that she improperly limited the years she reviewed), a remand should not occasion too great a further delay.

The recommendation to adopt the hearing officer's conclusions regarding the provision of FAPE in 7th, 8th, 11th, and 12th grades is adopted, and plaintiff's objections to the contrary are rejected. The hearing officer found that though David's IEPs "could not stand alone as an indication of the delivery of FAPE," the "the overwhelming appropriateness of [plaintiff's] program was amply illustrated through the testimony of [plaintiff's] teachers and other support personnel." Problems with IEPs such as vagueness or failure to set measurable goals may constitute a denial of FAPE if they

---

[1] Defendant seeks leave to file a sur-reply to plaintiffs' reply brief regarding its objections. Docket No. 51. That motion is granted; the court has read and considered all the filings of counsel in this case.

result in "the loss of educational opportunity, seriously infringe upon the parents' opportunity to participate in the IEP formulation process, or cause a deprivation of educational benefits." *Souderton Area School Dist. v. J.H.*, 2009 WL 349733, *6 (E.D. Pa., Feb. 11, 2009) (citations omitted). The record does not contain evidence that any such consequences resulted here. The hearing examiner found that plaintiff received educational benefits and made meaningful educational progress as a result of the instruction provided to him. Her conclusion that defendant provided an appropriate education in 7th, 8th, 11th, and 12th grades will be affirmed.

Plaintiff's objection to the recommendation that the court adopt the hearing officer's finding that plaintiff graduated in 2004 is rejected. There is no non-testimonial extrinsic evidence in the record to contradict this factual finding. Additionally, plaintiff's contention that defendant failed to provide adequate transitional services before plaintiff graduated is not correct—the record is replete with evidence of the transitional services provided to David at his original high school, through the Middle Bucks Institute of Technology program, and at the Sloan School.

Judge Angell's recommendation that the hearing officer's conclusion that FAPE was not provided in 9th and 10th grades will be adopted. The hearing officer noted that David had a specific and identified reading disability and found the reading instruction he was provided for those years to have been inadequate. Plaintiff does not object to this conclusion, but rather objects to the specifics of the hearing officer's award of

compensatory education. The court agrees with Judge Angell that this objection is without merit. This court also "commend[s] the Hearing Officer for fashioning an individually-tailored remedy designed to meet David's specific needs."

Finally, plaintiff, in his reply brief, asserts his entitlement to an award of money damages under the Americans with Disabilities Act and § 504 of the Rehabilitation Act.[2] Plaintiff requests a hearing for the purpose of establishing the amount of any damages award. Defendant contends that this claim was not part of the motion for judgment on the administrative record and, even if it may be considered, is barred by the statutory requirement that claims for harms allegedly occurring prior to the age of majority be brought within two years of a plaintiff's eighteenth birthday. Should such damages be available, defendant also contends that any recovery would be limited by the statute of limitations to damages for harms occurring two years before the complaint was filed on April 11, 2006.

Because the case will be remanded to the hearing officer to determine whether plaintiff was denied FAPE for his elementary school years, the exact scope of defendant's liability to plaintiff is not yet known. The court will therefore not rule on plaintiff's eligibility for monetary damages at this time.

---

[2]In his initial objections to the R&R, plaintiff had requested "monetary damages or that the District be required to establish a specified fund for his benefit" but had not mentioned any statute creating an entitlement to such damages other than the IDEA.