IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID G., an adult with a disability<br><br>                    Plaintiff,<br><br>        v.<br><br>THE COUNCIL ROCK SCHOOL DISTRICT<br><br>                    Defendant. | No. 06-1523 |

Pollak, J.                                                                                          April 10, 2012

### MEMORANDUM & ORDER

Plaintiff David G. is a person with learning disabilities who was a student in defendant Council Rock School District until his graduation in 2004.  Presently before the court are David G.'s objections to a Report and Recommendation ("R & R") by United States Magistrate Judge M. Faith Angell.  The R & R recommends that David G.'s claim that the school district denied him a free and appropriate public education ("FAPE") in his second through sixth-grade school years be denied and concludes that David G. is not entitled to monetary damages.  For the reasons stated below, I will approve and adopt

1

Judge Angell's R & R.

## I. Background [1]

This case originated with a complaint filed on April 11, 2006.  In his complaint,

David G. challenged a Pennsylvania Special Education Hearing Officer's partial denial of

his claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §

1400 *et seq.*  He also raised claims for monetary damages under Title II of the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and § 504 of the Rehabilitation

Act ("§ 504"), 29 U.S.C. § 794.  I referred David G.'s case to Judge Angell, and the

parties filed cross-motions for judgment on the administrative record.  On April 7, 2009,

Judge Angell filed a R & R recommending: (1) that I remand David G.'s case to the

hearing officer for a determination whether the school district denied David G. a FAPE in

his second through sixth-grade school years; and (2) that I affirm the hearing officer's

decision in all other respects, including, in relevant part, the hearing officer's order that

the school district provide David G. with compensatory education to remedy its failure to

provide David G. with a FAPE in the area of reading in his ninth and tenth-grade school

years.  In a memorandum and order dated September 23, 2009, I approved and adopted

Judge Angell's R & R. *See David G. v. Council Rock Sch. Dist.*, 2009 WL 3109808 (E.D.

---

[1] The factual and procedural background of this case is set out in the two decisions
of the hearing officer in this matter, Judge Angell's April 7, 2009 R & R, and my
previous Memorandum and Order.  I provide only a brief summary of the relevant
background here.

Pa.).  My memorandum and order left open the question whether David G. was entitled to monetary damages under the ADA and § 504. *See id.* at *3.

On remand, the hearing officer and appeals panel concluded that the school district provided David G. a FAPE at all times during his second through sixth-grade school years.  On February 14, 2011, I granted David G.'s motion to reinstate his case and again referred the case to Judge Angell.  David G. filed a motion for judgment on the administrative record and summary judgment, in which he argued that he was denied a FAPE during his second through sixth-grade school years and restated his claim for monetary damages.  The school district responded, opposing David G.'s motion and requesting that the hearing officer's decision be affirmed and judgment be entered in its favor on David G.'s claims for monetary damages.[2]  On December 21, 2011, Judge Angell filed an R & R, which concluded that the hearing officer's decision should be affirmed and that David G.'s request for monetary damages should be denied.  David G. has now filed objections to Judge Angell's R & R, and the school district has filed a response to David G.'s objections.

## II.  Analysis

### A. IDEA claim

The process of adjudicating cross motions for judgment on the administrative

---

[2]  The court construes the school district's opposition as a cross motion for judgment on the administrative record and summary judgment.

record in IDEA cases is not a "true summary judgment procedure," but rather is effectively a "bench trial on a stipulated record." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993). The district court conducts a "modified *de novo*" review, giving "due weight" to the hearing officer's decision. *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003); *see also Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 757-58 (3d Cir. 1995); 20 U.S.C. § 1415(i)(2)(C). If a district court declines to adopt the hearing officer's factual findings, "it is obliged to explain why." *S.H.*, 336 F.3d at 270 (3d Cir. 2003) (internal quotation marks and citation omitted). A special rule applies to the hearing officer's credibility determinations—a district court must accept them "unless the nontestimonial, extrinsic evidence in the record would *justify* a contrary conclusion." *L.E. v. Ramsey*, 435 F.3d , 349 n.4 (3d Cir. 2006) (emphasis in original).

David G. objects to the R & R's conclusion that the school district provided him a FAPE at all times during his second through sixth-grade school years. He contends that the evidence in the record establishes that the Individualized Education Programs ("IEPs") the school district developed and implemented during his second through sixth-grade school years were not "reasonably calculated to enable [him] to receive educational benefits," and that he therefore did not receive a FAPE. *See Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 207 (1982). The hearing officer acknowledged deficiencies in David G.'s IEPs, but concluded, based on a review of

David G.'s educational records and the testimony of his educators, that these deficiencies did not deprive David G. of educational benefits and, indeed, that he was offered "an excellent program."  Giving due weight to the hearing officer's decision, I agree with Judge Angell's conclusion that any deficiencies in David G.'s IEPs did not deprive him of a FAPE. *See id.* at 200-201 (holding that the IDEA's guarantee of a FAPE entitles disabled students to a "basic floor of opportunity" in the form of "access to specialized instruction and related services which are individually designed to provide educational benefit").

David G. further argues that he failed to make meaningful progress during the relevant school years and that the school district, having notice of David G.'s purported lack of progress, was required to modify his IEP and its instructional approach.  Based on the testimony of David G.'s teachers and Dr. Thomas Barnes—a school district psychologist characterized by the hearing officer as "an especially credible and instructive witness"—the hearing officer concluded that David G. made "slow and steady progress," which, "given his moderately severe learning disability" amounted to the educational benefit to which he was entitled.  I agree with Judge Angell's conclusion that "[t]he Hearing Officer's finding that David made slow and steady progress . . . is sound and supported by proper evidence," including David G.'s educational records, Dr. Barnes's analysis and interpretation of David G.'s standardized tests, and the testimony of David G.'s teachers.

Accordingly, I will overrule David G.'s objections and affirm and adopt Judge

Angell's conclusion that the school district provided David G. with a FAPE in his second

through sixth-grade school years.

### B. ADA and RA claims

David G. also opposes the R & R's conclusion that judgment should be entered

against him on his claim for monetary damages under the ADA and § 504.  The standards

for determining liability under the ADA and § 504 are substantially the same; to prevail

on a claim brought under either statute, a plaintiff must establish that he or she "(1) has a

disability; (2) was otherwise qualified to participate in a school program; and (3) was

denied the benefits of the program or was otherwise subject to discrimination because of

[his or] her disability." *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d

176, 189 (3d Cir. 2009)*, citing Nathanson v. Med. Coll. of Pa.*, 926 F.2d 227, 230 (3d Cir.

1991).[3]  The Third Circuit has held that a school district's failure to provide a FAPE

"could violate § 504," and that a showing of intentional discrimination is not necessary in

order to establish liability. *Ridgewood Bd. of Ed. v. N.E. ex rel M.E.*, 172 F.3d 238, 253

(3d Cir. 1999).

The same remedies are available for violations of the ADA as for § 504, *see* 42

U.S.C. § 12133, and these remedies are, in turn, "coextensive with the remedies available

---

[3]  The *Chambers* opinion also noted that establishing liability under "[t]he [Rehabilitation Act] requires the additional showing that the program receives federal financial assistance." *Id.* at 189 n.20.

6

in a private cause of action brought under Title VI of the Civil Rights Act of 1964."

*Barnes v. Gorman*, 536 U.S. 181, 185 (2002); *see also* 29 U.S.C. § 794a(a)(2).  While it

has long been established that "plaintiffs may seek monetary damages directly under §

504," *see W.B. v. Mathula*, 67 F.3d 484, 494 (3d Cir. 1995), and so presumably under the

ADA as well, the Third Circuit has not yet ruled on the more specific question presented

here—whether monetary damages are available in the absence of a showing of intentional

discrimination.

In *Guardians Association v. Civil Service Commission of New York City*, a

divided Supreme Court held that private individuals must prove intentional discrimination

in order to recover compensatory damages under Title VI.[4]  463 U.S. § 582, 602-03, 607

(1983); *see also Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001) ("In *Guardians*, the

Court *held* that private individuals could not recover compensatory damages under Title

VI except for intentional discrimination."(emphasis in original)).  All of the courts of

appeals that have addressed the question whether, in the wake of *Guardians*,

compensatory damages are precluded in actions brought under the ADA and § 504 absent

a showing of intentional discrimination, have concluded that a showing of intentional

---

[4] Four members of the five-Justice majority on the issue of the availability of
compensatory damages also concluded that a showing of intentional discrimination was
necessary to establish liability under Title VI and its implementing regulations; however,
a different five-Justice majority concluded that a showing of discriminatory intent was
"not an essential element of a Title VI violation."  *Id.* at 607.

discrimination is necessary.[5]  Several district courts within the Third Circuit have also so

concluded. *See Chambers v. Sch. Dist. of Philadelphia Bd. of Ed.*, __ F. Supp. 2d __, at *

12 (E.D. Pa. 2011) (collecting cases).  I know of only one district court opinion in this

Circuit following a different path—namely my opinion in *Allyson B. v. Montgomery*

*County Intermediate Unit No. 23*, 2008 WL 2405771 at *3 (E.D. Pa.).  I now conclude

that I was wrong.  Because the ADA and § 504 adopt Title VI's remedies and private

individuals must prove intentional discrimination in order to recover compensatory

damages under Title VI, David G. must prove intentional discrimination in order to

recover monetary damages for a violation of the ADA or § 504.

Several of the courts of appeals that have adopted the intentional discrimination

standard have further concluded that "intentional discrimination can be inferred from a

defendant's deliberate indifference to the strong likelihood that pursuit of its questioned

policies . . . will result in a violation of federally protected rights." *Powers*, 184 F.3d at

1153; *see also Meaghley*, 639 F.3d at 389; *Loeffler v. Staten Island University Hosp.*, 582

F.3d 268, 275 (2d Cir. 2009); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 & n.

13 (9th Cir. 2001).  In the present case, it is not necessary to determine the standard by

---

[5]  *See Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 126 (1st Cir. 2003); *Bartlett v. N.Y. State Bd. of Law Exam'rs*, 156 F.3d 321, 331 (2d Cir. 1998), *vacated on other grounds* 527 U.S. 1031 (1999); *Marvin H. v. Austin Independent Sch. Dist.*, 714 F.2d 1348, 1356-57 (5th Cir. 1983); *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011); *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998); *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1153 (10th Cir. 1999); *Wood v. President and Trustees of Spring Hill College*, 978 F.2d 1214, 1219-20 (11th Cir. 1992).

which intentional discrimination may be proven because David G. does not object to the R & R's conclusion that he "has not cited to any evidence in the record that would establish a genuine issue of material fact as to intentional discrimination by the school district in failing to provide David a FAPE in the area of reading in the ninth and tenth grades."

Accordingly, I will overrule David G.'s objections and approve and adopt Judge Angell's determination that the school district is entitled to summary judgment on David G.'s claim for monetary damages.

## III. Order

**AND NOW**, this 10th day of April, 2012, upon consideration of David G.'s Motion for Judgment on the Administrative Record and Council Rock School District's response in opposition, and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell, it is hereby **ORDERED** that:

1. The Report and Recommendation (Docket No. 75) is **APPROVED** and **ADOPTED** as supplemented by this Memorandum;

2. David G.'s objections to the Report and Recommendation (Docket No. 76) are **OVERRULED**;

3. David G.'s motion for judgment on the administrative record and for summary judgment (Docket No. 68) is **DENIED** and Council Rock School District's motion for judgment on the administrative record and summary judgment (Docket No. 70) is **GRANTED**;

4.      The hearing officer's determination that Council Rock School District provided David G. a FAPE in his second through sixth-grade school years is **AFFIRMED**;

5.      David G.'s request for monetary damages is **DENIED**.

                          **BY THE COURT:**


                          /s/ Louis H. Pollak
                          Pollak, J.